UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES DUPREE,

       Petitioner,                        Case No. 4:21-cv-11147
                                                      Stephanie Dawkins Davis

v.

GREGORY SKIPPER,

       Respondent.
_____/

## OPINION AND ORDER REQUIRING
## THE SUBMISSION OF A HABEAS PETITION

      Dwayne Dupree, ("Petitioner"), a Michigan prisoner confined at the Michigan Reformatory, commenced this action by filing a "Motion Requesting a Stay to File a Timely § 2254 Habeas Petition." (ECF No. 1). Because Petitioner's pleading is insufficient to commence a habeas action, the case will be summarily dismissed without prejudice, unless Petitioner files a proper habeas petition within 45 days of entry of this Order

      Petitioner indicates that in 2017 he was convicted of first-degree murder and other offenses in the Wayne Circuit Court. He states that he appealed his conviction in state court, and on June 30, 2020, the Michigan Supreme Court denied leave to appeal. Petitioner indicates that in February of 2021, he was placed in administrate segregation and his legal papers were lost. Absent equitable

tolling or another basis for a later starting point, under 28 U.S.C. § 2244(d)(1), the deadline for filing his federal habeas petition will be in September of 2021. In the instant pleading, rather than state substantive grounds for habeas relief, Petitioner requests additional time to file a proper habeas petition.

Federal courts can dismiss a habeas petition that is legally insufficient on its face. *McFarland v. Scott*, 512 U.S. 849, 856 (1994); *Carson v. Burke*, 178 F.3d 434, 436 (6th Cir. 1999); Rules Governing § 2254 Cases, Rule 4, 28 U.S.C. foll. § 2254. "[A] claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts which entitle the Petitioner to relief." *Gray v. Netherland*, 518 U.S. 152, 162-63 (1996) (internal citations omitted). The minimum requirements for filing a habeas petition under § 2254 require the petitioner to: "1) specify all the grounds for relief available to the petitioner; (2) state the facts supporting each ground; (3) state the relief requested; (4) be printed, typewritten, or legibly handwritten; and (5) be signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242." Rules Governing Section 2254 Cases, Rule 2. "Notice pleading" is not sufficient. *See* Adv. Comm. Notes to Rule 4; *Mayle v. Felix*, 545 U.S. 644, 655 (2005) (observing that Rule 2 is "more demanding" than Fed. R. Civ. P. 8(a)).

Petitioner's "Motion Requesting a Stay to File a Timely § 2254 Habeas Petition" does not meet the above requirements for commencing a habeas case. He does not indicate the grounds for relief, the facts supporting each ground, nor the habeas relief requested. The Court notes that Petitioner has attached a copy of his application for leave to appeal filed in the Michigan Supreme Court to his pleading. With this document alone, Petitioner may be able to complete the brief form habeas petition within the time remaining on the statute of limitations. His current pleading, however, is insufficient to commence a habeas proceeding under Rule 2.

Although Dupree may have a legitimate concern about not having his future claims barred by the one-year statute of limitations, *see* 28 U.S.C. § 2244(d), the doctrine of equitable tolling applies only to pleadings actually filed; "[i]t does not permit pre-approval of such tolling based on a 'hypothetical state of facts.'" *United States v. Asakevich*, 810 F.3d 418, 421 (6th Cir. 2016) (quoting *Chafin v. Chafin*, ––– U.S. –––, 1023 (2013)). Granting Dupree's request for a stay would amount to an advisory opinion that a habeas petition would be accepted as timely if Petitioner chose to file a petition. "[F]ederal courts have no license to issue advisory opinions," and they may not bend or ignore that principle, "no matter how convenient or efficient the request might otherwise be." *Id*. In other words, federal courts do not "offer advisory opinions about what they might do *if* an

3

action were filed." *Id*. at 420 (emphasis in original). To create an Article III controversy and obtain more than an advisory opinion, Dupree must file an actual habeas petition. *See id*. at 423.

The Court, nevertheless, recognizes that prison officials have placed constraints on prisoners to prevent the spread of COVID-19 in prisons. Therefore, the Court will hold this case open for forty-five (45) days from the date of this order so that Dupree can complete and file a habeas corpus form and pay the filing fee or apply for permission to proceed *in forma pauperis*. The Court is enclosing blank forms for Dupree's convenience. Failure to complete and file a habeas petition by this deadline will result in the summary dismissal of this case, without prejudice.

**SO ORDERED**.

s/Stephanie Dawkins Davis
Stephanie Dawkins Davis
United States District Judge

Dated: June 10, 2021